This is a review, under the Wunderlich Act, 41 U.S.C. §§321-322 (1976), of a decision of the Armed Services Board of Contract Appeals ("the Board”). It is before us on cross-motions for summary judgment. We grant the defendant’s motion.
I.
In early 1976, the government issued an invitation for bids on a painting contract at Fort Dix, New Jersey. The invitation did not indicate which or how many buildings would be painted. Instead it estimated there would be 2,000,000 square feet of "paintable area.” Paintable area was not defined.
The specifications required that some surfaces receive three coats of paint and others only two. Paragraph 4 of section 1A of the specifications provided that "the price per square foot of wall surface bid on the price schedule shall include application of two or three coats of paint on all wall surfaces.”
The plaintiff submitted the low bid of 5 cents per square foot of paintable area. He testified that the bid was prepared on the basis of 5 cents per square foot per coat. The government had estimated a unit cost of 14 cents a square foot. Because of the disparity, the government requested from the plaintiff several verifications of his bid. The plaintiff responded with three verifications. In June, the government awarded the plaintiff the contract.
In 1976 and 1977, the plaintiff performed the contract, but several billing disputes arose. The one before us is whether the plaintiff is entitled to 5 cents per square foot per coat, as he contends, or only 5 cents per square foot of surface area regardless of the number of coats, as the government contends. The government paid the plaintiff on *814 the basis of its interpretation and the plaintiff appealed to the Board.
The Board interpreted "paintable area” to mean "wall surface area” and concluded that under the unambiguous language of paragraph 4, the bid price was based upon the total area painted, not the number of coats applied to that area. The Board said also that there was a glaring conflict between the plaintiffs interpretation of "paintable area” and paragraph 4, that the plaintiff, therefore, should have inquired about this disparity and that, by failing to do so, he accepted the risk of error.
II.
We uphold the decision of the Board. The terms of a contract must be read consistently, giving full effect to all of them. General Dynamics Corp. v. United States, 229 Ct. Cl. 399, 406, 410, 671 F.2d 474, 478, 480 (1982); Arizona v. United States, 216 Ct. Cl. 221, 235-36, 575 F.2d 855, 863 (1978). The plaintiff argues that the only sensible way to bid on painting contracts is per square foot per coat. Paragraph 4, however, precludes that interpretation of this contract, because it provides unambiguously that "the price . . .bid. . .shall include application of two or three coats of paint.”
The plaintiff refers to government actions allegedly in accord with his interpretation of the contract. These actions cannot overcome the clear language of paragraph 4. The plaintiff does not contend that the government actions modified the contract.
The plaintiff argues that paintable area, in the usage of the trade, means square feet per coat. If so, then there is a patent conflict between that phrase and the basis for payment specified in paragraph 4. The plaintiff had a duty to bring this alleged ambiguity to the government’s attention before he entered into the contract. He had ample opportunity to do so, both before submitting his original bid and in connection with the three verifications of his bid. His failure to do so bars him from challenging the government’s interpretation. S. O. G. of Arkansas v. United States, 212 Ct. Cl. 125, 546 F.2d 367 (1976), reh. denied, 212 Ct. Cl. 131.
*815 Finally, the plaintiff claims the government should have informed him of his mistake. 32 C.F.R. §2-406.1 (1979). Although the plaintiffs price was low, there was no indication on the bid that the plaintiff had made a mistake. The plaintiff has not shown that the government knew or should have known of his mistake. By seeking and receiving verification of the plaintiffs price, the government fulfilled its obligation. The risk of a mistaken bid was on the plaintiff. Eriez Magnetics Corp. v. United States, 209 Ct. Cl. 673, 679 (1976) (Cong, ref.); Alabama Shirt & Trouser Co. v. United States, 121 Ct. Cl. 313, 331 (1952).
CONCLUSION
The defendant’s motion for summary judgment is granted, the plaintiffs motion is denied, and the petition is dismissed.